IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HERBEY GARCIA ARMENDARIZ, § | | |
| Petitioner § | | |
| § | | |
| v. § | A-09-CA-420 SS | |
| § | | |
| CLAUDE MAYE, Warden, FCI Bastrop, § | | |
| Respondent § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1) and Petitioner's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 2), both of which were transferred to this division on May 28, 2009. Also on May 28, 2009, the above was referred to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Application to Proceed *In Forma Pauperis***

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court **GRANTS** Plaintiff *in forma pauperis* status. However, before the Court recommends ordering that his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the Court must perform a frivolousness review.

**II. Section 1915(e)(2) Frivolousness Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant

part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ." "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

After reviewing the petition, the Court believes that the relief Petitioner seeks is outside the proper scope of a § 2241 petition. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, Petitioner here does not attack the manner in which his sentence is carried out or the prison authorities' determination of its duration. Rather, Petitioner is seeking a bench warrant so that he can attend any hearing that might occur on his 28 U.S.C. § 2255 petition, which was filed in the Midland-Odessa Division.[1] Section 2241 is not the proper mechanism to seek this relief.

Accordingly, Petitioner's petition should be dismissed. If Petitioner wishes to pursue the relief he seeks in his petition, then he should file a motion in the § 2255 proceeding pending in the Midland-Odessa Division. Thus, if Petitioner wishes to have a hearing on his 2255 petition, and to be present at that hearing, he should filed a motion in Midland requesting that.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge RECOMMENDS that the District Court DISMISS Herbey Armendariz's Writ of Habeas Corpus under 28 U.S.C. § 2241.

---

[1] In the transfer order, Judge Junell noted that Petitioner has not been granted a hearing in his § 2255 petition pending in that Court. *See* Clerk's Doc. No. 4.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE